UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARYL GRAY, WILLIAM,** | * | **CIVIL ACTION:** |
| **ROBERTSON, AND CHAZ YOUNG** | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **SECTION " "** |
| | * | |
| **PROGRESSIVE DIRECT** | * | **MAGISTRATE JUDGE:** |
| **INSURANCE COMPANY** | * | |

*****************************************************************************

### NOTICE OF REMOVAL

**NOW COMES**, through undersigned counsel, Defendant, Progressive Direct Insurance Company, who, pursuant to 28 U.S.C. §§ 1333, 1441 and 1446, removes this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court.

### I.  INTRODUCTION

On December 27, 2022, Plaintiffs Daryl Gray, William Robertson, and Chaz Young filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana. The suit was assigned cause number 2022-11681.[1] Named as defendant was Progressive Direct Insurance Company.[2] The lawsuit arises out of a motor vehicle accident which occurred on March 5, 2021.[3] Plaintiffs claim that an unknown vehicle collided with the rear of their vehicle, causing them to sustain personal injuries.[4] The unknown vehicle then fled the scene. Progressive issued a Tennessee Auto Policy under policy number 943595773 wherein Daryl Gray was the

---

[1] *See* Plaintiff's Petition for Damages, attached hereto as Exhibit A.
[2] *Id.*
[3] Exhibit A, at ¶ 5.
[4] *Id.*

{S0434716.1}                                    1

named insured.[5] The policy is incorporated by reference in the Plaintiffs' Petition and affords a $500,000 combine single limit for uninsured/underinsured motorist coverage.[6]

On June 10, 2022, prior to filing suit, Plaintiffs Chaz Young and William Robertson, through their counsel, submitted a demand letter to Progressive.[7] The letter, dated June 9 but submitted on June 10, set forth these Plaintiffs' medical treatments for injuries allegedly sustained in connection with this alleged hit-and-run accident. The letter stated that both Plaintiffs sustained herniations in their cervical spines and that Roberts suffered a disc bulge in his lumbar spine. Further, the letter claimed that Plaintiff Young had incurred $33,307 in medical expenses while Plaintiff Robertson had incurred $76,281 in medical expenses to-date.

A subsequent demand letter dated December 2, 2022 stated that the "value of my clients' claims currently exceeds the limits of this policy."[8] In their Petition for Damages, Plaintiffs further seek statutory penalties under La. R.S. §§ 22:1892 and 1973 against Progressive for its alleged bad-faith conduct in its adjustment of Plaintiffs' claims. Thus, the amount in controversy between Progressive and Plaintiffs Young and Robertson each exceeds the jurisdictional amount required for diversity jurisdiction. Further, the Court is authorized to extend supplemental jurisdiction to the claim of Daryl Gray, which may or may not itself exceed the amount-in-controversy requirements, pursuant to 28 U.S.C. § 1367.

**II.   BACKGROUND**

1.

Progressive Direct Insurance Company is named as a Defendant in a civil action that commenced on December 27, 2022 in the Civil District Court, Parish of Orleans, State of

---

[5] *See* Unsworn Declaration of Michelle McReynolds, at ¶1, attached hereto as Exhibit C; *see also* Progressive's Certified Policy of Insurance, attached hereto as Exhibit C-1.
[6] *Id.*
[7] *See* Plaintiff's June 10, 2022 Demand Letter, attached hereto as Exhibit C-2.
[8] *See* Plaintiff's December 2, 2022 Demand, attached hereto as Exhibit C-3.

Louisiana, bearing state case no. 2022-11681, Division "10", entitled "*Daryl Gray, William Robertson, and Chaz Young v. Progressive Direct Insurance Company.*"[9]

2.

Plaintiffs claim in their Petition that on or about March 5, 2021, they were involved in a collision near the intersection of St. Anthony and Johnson Street in New Orleans, Louisiana. They allege that their vehicle was at a complete stop when another unknown vehicle rear-ended theirs and fled the scene.[10] Plaintiffs allege that they "sustained damages" as a result of the collision.[11]

3.

Plaintiffs further allege that Defendant Progressive Direct Insurance Company provided a policy of uninsured/underinsured motorist insurance to Daryl Gray at the time of the accident rendering Progressive liable for the damages arising out of this alleged accident.[12] Moreover, Plaintiffs allege that Progressive breached its duty under the Policy and, as a result, is subject to statutory penalties and attorneys fees to Plaintiffs pursuant to La. R.S. §§ 22:1892 and 1973.[13]

**III. DIVERSITY OF CITIZENSHIP**

4.

This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

---

[9] Exhibit A.
[10] *Id.* at ¶ 3.
[11] *Id.* at ¶ 4.
[12] *Id.* at ¶ 6.
[13] *Id.* at ¶14.

### A).     Complete Diversity Exists Between the Parties

5.

There exists complete diversity between the parties to this litigation.

6.

In their Petition, Plaintiffs allege that they are all "domiciled in the Parish of Orleans, State of Louisiana."[14] Accordingly, Plaintiffs are considered citizens of the State of Louisiana for the purposes of diversity jurisdiction.

7.

Defendant Progressive Direct Insurance Company is an Ohio corporation which was incorporated in Ohio and which maintains its principal place of business in Ohio. Therefore, Progressive is a citizen of the State of Ohio for diversity purposes pursuant to 28 U.S.C. § 1332(c)(1).

### B).     The Amount in Controversy Exceeds $75,000.00

8.

Although Defendant Progressive denies liability to Plaintiffs for the claims made herein, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

9.

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, "[t]he defendant may prove that amount either 1) by

---

[14] Exhibit A, at Introductory Paragraph.

showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount; or (2) by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen* at 1335.

10.

To meet this burden, the Defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014); *see also Yor-Wic Constr. Co., Inc. v. Eng'g Design Techs., Inc.*, 2017 WL 3447808, at *2 (W.D. La. Apr. 19, 2017), *report and recommendation adopted*, No. CV 17-0224, 2017 WL 3431845 (W.D. La. Aug. 9, 2017).

11.

In this case, Plaintiffs' Petition for Damages did not state specific injuries. Rather, Plaintiffs simply allege that they "sustained damages" as a result of the alleged accident. The damages claimed are "pain and suffering, mental anguish and sufferings, past and future medicals, and any and all other damages" proven at trial.[15] Thus, it is not facially apparent from the Petition for Damages that Plaintiff's claims exceed the jurisdictional amount.

12.

Prior to filing suit, on June 10, 2022, Plaintiffs Chaz Young and William Robertson, through their counsel, submitted a demand letter dated June 9, 2022 to Progressive.[16] In the demand, Plaintiffs set forth their claimed injuries and recount the medical treatment each had undergone up to that point. As to Young, the demand letter stated that an MRI of the cervical

---

[15] Exhibit A, at ¶4, 16.
[16] Exhibit C-2.

{S0434716.1}   5

spine revealed "broad-based posterior disc herniations" at the C5-6 and C6-7 levels, along with other findings; an MRI of Young's lumbar spine revealed "Mild degree increased fluid seen in both facet joints of L2-3 and L3-4 indicates inflammation in the joints."[17] The demand then states that Plaintiff Young underwent "a cervical steroid injection and lumbar medial branch blocks" with Dr. Joseph Zavatsky.[18] The demand claims Young's total medical expenses at that time equaled $33,307.00 but noted Young "is still treating for his injuries and has not reached maximum medical improvement."[19]

13.

As to Robertson, the demand stated that he underwent MRIs of his cervical spine, lumbar spine, thoracic spine, right knee, and left hip.[20] at The MRIs revealed disc herniations at C3-4, C4-5, and C5-6; an annular tear at C6-7; a disc bulge at L3-4, facet joint arthropathy at C2-3, L4-5, T3-5, and T9-10; a linear tear at the base of the anterior labrum of the left hip; and a partial thickness tear at the insertion of the semimembranosus tendon of the right knee.[21] The demand then claimed that Robertson has undergone two lumbar epidural steroid injections and has received recommendations for cervical facet injections at C5-7 and a surgery at L4-5.[22] The demand claims Robertson's total medical expenses at that time equaled $76,281 but noted Robertson "still suffers from pain caused by this subject accident and has not reached maximum medical improvement."[23]

---

[17] Exhibit C-2, p. 2.
[18] *Id.*
[19] *Id.*
[20] *Id.* at p. 3.
[21] *Id.* at pp. 3-4.
[22] *Id.* at 4
[23] *Id.*

13.

Then, on December 2, 2022, Plaintiffs Young and Robertson, through their counsel, sent another letter demanding that Progressive issue an unconditional tender in this matter.[24] The letter stated that the "value of my clients' claims currently exceeds the limits of this policy.[25]

14.

The UM limit of the Progressive policy at issue is a $500,000 combined single limit.[26] Therefore, Plaintiffs demand claimed that Young's and Robertson's injuries exceeded $500,000.

15.

In addition to these contractual damages claims, Plaintiffs have asserted causes of action for bad faith statutory penalties and attorneys' fees in connection with Progressive's adjustment of their claims. Plaintiffs seek penalties under La. R.S. §§ 22:1892 and 1973.

16.

If the Plaintiffs were able to meet their burden of proving that Progressive arbitrarily failed to timely pay the amounts owed, then Progressive may be liable for fifty percent of the amount owed but untimely paid. *See* La. R.S. 22:1892 (B)(1). This does not take into account attorney fees, which the Plaintiffs allege are owed as well.

17.

Thus, Plaintiffs claims for contractual damages alone exceed the $75,000 threshold. The extra-contractual claims for penalties and attorney's fees only further satisfy the requirement for the amount in controversy under 28 U.S.C. § 1332(a). Thus, while Defendant admits neither

---

[24] Exhibit C-3.
[25] *Id.*
[26] Exhibit C-1, at declarations page.

liability nor any element of damages, it has met its burden of showing the amount in controversy exceeds $75,000.00.

**C)   The Court has Supplemental Jurisdiction over the claims of Plaintiff Daryl Gray.**

18.

Progressive has not received a demand on behalf of Plaintiff Daryl Gray as of this date. However, this Court may exercise supplement jurisdiction over Gray's case because at least one named plaintiff in this action satisfies the amount-in-controversy requirement. *Exxon Mobil Corp. v. Allapattah Svcs, Inc*., 545 U.S. 546, 549, 125 S. Ct. 2611, 2620–21, 162 L. Ed. 2d 502 (2005). The United States Supreme Court has stated that "[i]f the [district] court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint." *Id.*

19.

As demonstrated above, this Court has original jurisdiction over this civil action on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

20.

As such, this Court has supplemental jurisdiction over the claim made by Darryl Gray pursuant to 28 U.S.C. § 1367.

**III.   REMOVAL IS PROPER**

21.

Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending in the Civil District Court for the Parish of Orleans, State of Louisiana.

22.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a) in that this is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, which is derived from the characterization of damages and claims of the Plaintiff cited above in the Petition for Damages, and the suit is between citizens of different states; thus, this suit is removable pursuant to 28 U.S.C. § 1441, et seq.

23.

This Court has supplemental jurisdiction over the claim of Daryl Gray pursuant to 28 U.S.C. § 1367(a) because the Court has original jurisdiction over the claims of William Robertson and Chaz Young, as explained above.

24.

Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1332.

**IV.    PROCEDURAL REQUIREMENTS**

25.

Pursuant to 28 U.S.C. § 1446(a), Defendant attaches all pleadings, process, orders and all other filings in the state court action, which is attached hereto as *Exhibit B*.

26.

Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. *Exhibit D*.

27.

Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana promptly after filing of same. *Exhibit D.*

28.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served join and consent to the removal of this action.

29.

Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal may be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Defendant Progressive was served on March 30, 2023. Progressive has filed this Notice of Removal on April 28, 2023. Therefore, this notice of removal, filed within 30 days of March 30, 2023 (service), is timely filed.

**WHEREFORE**, Defendant, Progressive Direct Insurance Company, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

/s/ Marco J. Salgado
DAVID A. STRAUSS, #24665
TASHA W. HEBERT, #25703
MARCO J. SALGADO, #37855
**STRAUSS MASSEY DINNEEN LLC**
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone: (504) 380-0290
Facsimile: (504) 332-8434
dstrauss@smd-law.com
thebert@smd-law.com
msalgado@smd-law.com

*Attorneys for Defendant, Progressive Direct Insurance Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 28, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further hereby certify that the above pleading has been served on all counsel of record either by hand delivery, facsimile, email or by placing the same in the United States mail, properly addressed and postage pre-paid.

                                                             */s Marco J. Salgado*
                                                            MARCO J. SALGADO