**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DARYL GRAY, WILLIAM ROBERTSON AND CHAZ YOUNG,** | * <br> * | **CIVIL ACTION NO: 23-1430** |
| | * | |
| **Plaintiffs,** | * <br> * | |
| | * | |
| **v.** | * <br> * | **JUDGE: SARAH S. VINCENT** |
| | * | |
| **PROGRESSIVE DIRECT INSURANCE COMPANY,** | * <br> * <br> * | |
| **Defendant.** | * <br> * | **MAGISTRATE:** <br> **JUDGE KAREN WELLS ROBY** |

## ANSWER AND DEFENSES

NOW COMES, through undersigned counsel, defendant Progressive Direct Insurance Company ("Progressive"), who asserts the following Answer and Defenses to the allegations set forth in Plaintiffs' Petition for Damages:

### FIRST DEFENSE

Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of Progressive, or any of their agents or representatives. If Plaintiffs suffered any damage as alleged, such damage was caused in whole or in part by the action or inaction of Plaintiffs, and/or third parties for which Progressive is not responsible.

### SECOND DEFENSE

If any of Plaintiffs' damages are a result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

### THIRD DEFENSE

Plaintiffs' claims against Progressive are based, in part, on a Progressive insurance policy. Progressive avers that the policy, being a written contract, is the best evidence of the

{S0442149.1}

terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

## FOURTH DEFENSE

To the extent the evidence may so indicate, the affirmative defenses of comparative negligence of Plaintiffs or any other person/entity, and/or any other type of fault recognized by law which bars Plaintiffs' recovery, or alternatively, serves to diminish Plaintiffs' recovery or limit Progressive's liability, are alleged.

## FIFTH DEFENSE

To the extent the evidence may so indicate, the injuries and any resulting damages alleged by Plaintiffs existed prior to the alleged accident, and Progressive is not liable for damages arising out of any pre-existing injury or disability. In the alternative, and only in the event Plaintiffs' pre-existing injury or disability was aggravated by the subject accident, Plaintiffs are only entitled to recover damages arising from and specific to the aggravation.

## SEVENTTH DEFENSE

Although Progressive denies that it, in any manner, breached any duty to Plaintiffs, should they establish a breach of duty, Plaintiffs have not suffered any real damages as a result of said breach.

## EIGHTH DEFENSE

Plaintiffs' recovery, if any, should be proportionately reduced by the percentages of fault attributed to them and/or to any released or prospectively released solidary obligors.

## NINTH DEFENSE

Progressive is entitled to a credit for any payments which have been made or may in the future be made by it or any other insurance company; additionally, Plaintiffs have no cause or

right of action for any amounts which have been received or will be received in the future from Progressive or any other insurance company.

### TENTH DEFENSE

If Plaintiffs received medical care that was unnecessary and/or unreasonable and/or unrelated to the accident, those damages are not recoverable from Progressive.

### ELEVENTH DEFENSE

Pursuant to the terms of the Progressive policy, Tennessee law governs this suit and Plaintiffs' claims.

> If any provision of this policy fails  to conform to the statutes listed on your application as your residence, the provision shall be deemed amended to conform to such statutes. All other provisions shall be given full force and effect. **Any disputes as to the coverages provided or the provisions of this policy shall be governed by law of the state listed on your application as your residence.**

Progressive policy, p. 27 (emphasis added).


### ANSWER TO PETITION

**AND NOW**, in answer to the specific allegations of Plaintiffs' Petition, Progressive asserts and avers as follows:

Introductory Paragraph.

The first unnumbered paragraph consists of identification of Plaintiffs and requires no response from Progressive. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

1.

Progressive denies the allegations of paragraph 1 as written except to admit that Progressive is a foreign insurer authorized to do business in Louisiana.

{S0442149.1}                                                    3

2.

Progressive denies the allegations of paragraph 2.

3.

Progressive denies the allegations of paragraph 3 as written and for a lack of sufficient information to justify a belief therein.

4.

The allegations of paragraph 4 call for medical and legal conclusions. To the extent a response is required from Progressive, the allegations are denied.

5.

The allegations of paragraph 5 call for medical and legal conclusions. To the extent a response is required from Progressive, the allegations are denied.

6.

Progressive denies the allegations of paragraph 6 as written. Progressive admits that it issued policy #943595773 of automobile insurance wherein Daryl Gray was the named insured. Progressive avers that the applicable policy, being a written contract, is the best evidence of the terms, conditions, exclusions and limitations contained therein, all of which are pled as if copied herein in their entirety, and Progressive denies any allegations at variance therewith.

7.

Progressive denies the allegations of paragraph 7 as written. Progressive admits that it issued policy #943595773 of automobile insurance wherein Daryl Gray was the named insured. Progressive avers that the applicable policy, being a written contract, is the best evidence of the terms, conditions, exclusions and limitations contained therein, all of which are pled as if copied herein in their entirety, and Progressive denies any allegations at variance therewith.

{S0442149.1}

4

8.

Progressive denies the allegations of paragraph 8 as written. Progressive admits that it issued policy #943595773 of automobile insurance wherein Daryl Gray was the named insured. Progressive avers that the applicable policy, being a written contract, is the best evidence of the terms, conditions, exclusions and limitations contained therein, all of which are pled as if copied herein in their entirety, and Progressive denies any allegations at variance therewith.

9.

The allegations of paragraph 9 seek legal conclusions and do not require a response from Progressive. To the extent paragraph 9 requires a response, Progressive denies the allegations.

10.

The Petition does not contain paragraph number 10. Out of an abundance of caution, Progressive denies any allegations of paragraph 10.

11.

The allegations of paragraph 11 seek legal conclusions and do not require a response from Progressive. To the extent paragraph 11 requires a response, Progressive denies the allegations.

12.

The allegations of paragraph 12 seek legal conclusions and do not require a response from Progressive. To the extent paragraph 12 requires a response, Progressive denies the allegations as written.

13.

The allegations of paragraph 13 seek legal conclusions and do not require a response from Progressive. To the extent paragraph 13 requires a response, Progressive denies the allegations as written.

14.

The allegations of paragraph 14 seek legal conclusions and do not require a response from Progressive. To the extent paragraph 14 requires a response, Progressive denies the allegations as written.

15.

The allegations of paragraph 15 seek legal conclusions and do not require a response from Progressive. To the extent paragraph 15 requires a response, Progressive denies the allegations as written.

16.

The allegations of paragraph 16 seek medical and legal conclusions and do not require a response from Progressive. To the extent paragraph 16 requires a response, Progressive denies the allegations as written.

17.

The allegations of paragraph 17 seek legal conclusions and do not require a response from Progressive. To the extent paragraph 17 requires a response, Progressive denies the allegations as written.

18.

Progressive denies that Plaintiffs are entitled to the relief sought in their prayer for relief, found in the unnumbered paragraph immediately following subparagraph e of paragraph 17.

Progressive denies any allegations contained in the prayer for relief the extent they imply liability on the part of Progressive.

## JURY TRIAL REQUEST

Should it be determined that Plaintiffs' damages meet or exceed the jurisdictional amount necessary for a trial by jury, Progressive requests a trial by jury as to all parties and issues herein that are triable to a jury.

## RESERVATION OF RIGHTS

To the extent permitted by law, Progressive reserves its right to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

**WHEREFORE**, Defendant, Progressive Direct Insurance Company, prays that this Answer and Defenses be deemed good and sufficient, and after due proceedings are had, this matter be dismissed, with prejudice.

Respectfully submitted,

*/s/ Marco J. Salgado*
DAVID A. STRAUSS, #24665
TASHA W. HEBERT, #25703
MARCO J. SALGADO, #37855
**STRAUSS MASSEY DINNEEN LLC**
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone: (504) 380-0290
Facsimile: (504) 332-8434
dstrauss@smd-law.com
thebert@smd-law.com
msalgado@smd-law.com

*Attorneys for Progressive Direct Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Marco J. Salgado*_____

**MARCO J. SALGADO**
