UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARYL GRAY, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-1430 |
| PROGRESSIVE DIRECT INSURANCE COMPANY | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand.[1] Defendant opposes the motion.[2] For the following reasons, the Court denies plaintiff's motion.

### I.  BACKGROUND

This case arises from an automobile collision on March 5, 2021.[3] On that date, an unknown vehicle allegedly struck plaintiff Daryl Gray's vehicle from behind while it was at a complete stop near the intersection of St. Anthony and Johnson streets in New Orleans, Louisiana.[4] Plaintiffs thereafter filed a petition for damages against Progressive Direct Insurance Company ("Progressive") in the Civil District Court for the Parish of Orleans

---

[1] R. Doc. 7.
[2] R. Doc. 9.
[3] R. Doc. 1-1. ¶ 3.
[4] *Id.*

on December 27, 2022.[5] Plaintiffs allege that Progressive "breached its duty of good faith and fair dealing" by unreasonably withholding benefits owed to plaintiffs under an uninsured/underinsured motorist policy issued to plaintiff Daryl Gray.[6]

On April 28, 2023, Progressive removed the case to this Court on the basis of diversity jurisdiction.[7] In its notice of removal, Progressive contends that complete diversity exists between the parties because plaintiffs are all individuals domiciled in Louisiana, and Progressive is an Ohio corporation with its principal place of business in Ohio.[8] Progressive further contends that the amount in controversy exceeds $75,000 because, while plaintiffs did not include a specific demand amount in their petition, on December 2, 2022, plaintiffs Young and Robertson sent a letter stating that the value of their claims exceeded the $500,000 limit of the uninsured/underinsured motorists policy.[9]

Plaintiffs now move to remand the matter to state court.[10] Plaintiffs allege that remand is proper because the citizenship of the parties is not

---

[5] *Id.* ¶ 1.
[6] *Id.* ¶ 15.
[7] R. Doc. 1. ¶ 29.
[8] *Id.* ¶ 5-7.
[9] *Id.* ¶ 8-17.
[10] R. Doc. 7.

2

diverse, as Progressive should assume plaintiff Daryl Gray's citizenship under 28 U.S.C. § 1332(c), because this is a direct action against Progressive as an insurer of a liability insurance policy.[11]  Progressive filed a response to plaintiffs' motion in which it contends that § 1332(c) does not apply here.[12]

The Court considers plaintiffs' motion below.

## II. LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different

---

[11] R. Doc. 7-1 at 3-5.
[12] R. Doc. 9 at 3-4.

states has always been rigorously enforced by the courts."). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

## III. DISCUSSION

A corporation is a citizen of every state in which it is incorporated and the state in which it has its principal place of business, except that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall [also] be deemed a citizen of . . . every State and foreign state of which the insured is a citizen." 28 U.S.C. § 1332(c)(1).

Plaintiffs assert that this is a direct action against Progressive because the Louisiana Direct Action Statute provides that a suit against an uninsured motorist carrier is permissible by direct action. La. Stat. Ann. § 22:1269(B)(1)(e). But a party's citizenship is determined with reference to federal, not state, law. *Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 880 (5th Cir. 2004) ("What constitutes citizenship for diversity purposes is a matter of federal law, and as such, cannot be made to depend on the particular nuances of the various state . . . codes."). Specifically, whether an action against an uninsured motorist carrier is a direct action for purposes of diversity and removal jurisdiction is a question of federal law. *Crescent City Pediatrics v. Bankers Ins. Co.*, 459 F. Supp. 2d 510, 512 (E.D. La. 2006); *Gonzalez v. Gov't Emps. Ins. Grp.*, No. 99-3707, 2000 WL 235236, at *2 (E.D. La. Feb. 28, 2000); *see also Roby v. Britton*, No. 20-2257, 2020 WL 7768513, at *4 (E.D. La. Dec. 30, 2020) (declining to recognize a suit against an insurer under Louisiana law as a direct action). *But see Rayburn v. Colonial Penn Franklin Ins. Co.*, No. 98-3136, 1998 WL 883321, at *1 (E.D. La. Dec. 15, 1998) (applying state law).

A suit is a direct action under § 1332(c)(1) only if "the liability sought to be imposed against the insurer could be imposed against the insured." *Crescent City Pediatrics*, 459 F. Supp. 2d at 513 (quoting *Med. Rsch. Ctrs.,*

*Inc. v. St. Paul Prop. and Liab. Ins. Co.*, 303 F. Supp. 2d 811, 814 (E.D. La. 2004) (internal quotation marks omitted)).  This case is not a direct action against Progressive, because the liability sought to be imposed against it as the uninsured motorist carrier could not be imposed against the insured, plaintiff Daryl Gray.  *Gonzalez*, 2000 WL 235236, at *4; *see also Earl v. Myers*, No. 10-1885, 2010 WL 4875656, at *1 (E.D. La. Nov. 23, 2010) (collecting cases). Even if this were a direct action against Progressive, section 1332(c) would not apply because the uninsured/underinsured motorist policy is not a policy or contract of liability insurance.  *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 725 (5th Cir. 1974) ("[A]n uninsured motorists policy is not a 'policy or contract of' liability insurance."); *Carter v. Lawhorn*, No. 18-6561, 2018 WL 5847824, at *2 (E.D. La. Nov. 8, 2018) ("[C]ourts in this circuit have 'consistently found that an uninsured/underinsured insurance policy is not considered a policy of liability insurance.'") (quoting *Thomas v. Pace*, No. 08-1574, 2008 WL 4091674, at *3 (E.D. La. Aug. 27, 2008)); *Morris v. Progressive Cas. Ins. Co.*, No. 21-245, 2021 WL 1207812, at *1 (E.D. La. Mar. 31, 2021) (holding that an uninsured motorist carrier is not an insurer of a policy or contract of liability insurance).  Accordingly, removal in this case was proper, and remand is not warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion to remand the case to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this __17th__ day of August, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE