UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARYL GRAY, ET AL.                              CIVIL ACTION

VERSUS                                          NO. 23-1430

PROGRESSIVE DIRECT                              SECTION "R" (4)
INSURANCE COMPANY


**ORDER AND REASONS**


Plaintiffs move for partial summary judgment on the issue of liability.[1]  Defendant opposes the motion.[2]  For the following reasons, the Court denies the motion.


## I.   BACKGROUND

Plaintiffs Chaz Young and William Robertson allege to have been rear-ended by a box truck in a hit-and-run accident in March 2021, resulting in injuries.[3]  The driver of the car, Daryl Gray, had an automobile insurance policy with Progressive Direct Insurance Company ("Progressive") that included uninsured motorist (UM) coverage.[4] Following the accident, plaintiffs sought to recover under Gray's UM

---

[1]    R. Doc. 23.
[2]    R. Doc. 39.
[3]    R. Doc. 1-1 ¶¶ 3–5.
[4]    *Id.* ¶ 6.

coverage, but Progressive refused to tender the requested benefits.[5]   In December 2022, plaintiffs filed a petition in state court against Progressive invoking the UM coverage in Gray's insurance policy.[6]   Progressive removed the case to federal court.[7]   In its answer, Progressive denied the accident occurred for lack of sufficient information to justify a belief.[8]

Plaintiffs now move for summary judgment on the issue of liability, contending that no genuine issues of material fact exist to find plaintiffs were in a car that was rear-ended by a truck.[9]   Plaintiffs argue that under Louisiana law, there is a presumption of negligence against the following motorist in rear-end collisions and that defendant has not presented any evidence that could rebut the presumption.[10]   Defendant opposes this motion because it disputes the accident happened, because ruling on the motion would require credibility determinations, which the Court cannot make in a ruling on a motion for summary judgment, and because under Tennessee law, plaintiffs must prove that the accident occurred and that

---

[5]   *Id.* ¶ 9–12.
[6]   R. Doc. 1-1.
[7]   R. Doc. 1. ¶ 22.
[8]   R. Doc. 6 ¶ 3.
[9]   R. Doc. 23-1 at 1, 3.
[10]   *Id.* at 3.

they were not negligent in failing to determine the identity of the opposing driver.[11]  The Court considers the motion below.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*,

---

[11]    R. Doc. 39 at 1, 3–4, 8.

754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075 (noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)).   "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party must put forth evidence that would "entitle it to a [judgment as a matter of law] if the evidence went uncontroverted at trial."  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991) (internal quotation marks omitted)).  If it presents such evidence, "the nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

## III.   DISCUSSION

### A. Louisiana Tort Liability Law Applies

This Court decided that Tennessee law applies to the interpretation and application of the UM policy.[12]  But that does not mean that Tennessee law applies to the entire dispute.  Louisiana's choice of law rules recognize the concept of "dépeçage," which involves an issue-by-issue analysis of which law applies.  La. Civ. Code art. 3515, cmt. (d).  Under the Code, "[w]hen a conflict exists with regard to more than one issue, each issue should be analyzed separately, since each may implicate different states, or may bring into play different policies of these states." *Id.*  As a result, "the laws of different states may be applied to different issues in the same dispute." *Id.*  The Court applied Articles 3515 and 3537 to the issue of the applicability of statutory damages under the contractional agreement to find Tennessee law governs.  *See Abraham v. State Farm Mut. Auto. Ins. Co.*, 465 F.3d 609, 610–611 (5th Cir. 2006) (applying Articles 3515 and 3537 to a bad faith action in connection with a contractual insurance dispute).  But the choice of law rules applicable to tort claims are set out in La. Civ. Code art. 3542, *et seq.*

---

[12]      R. Doc. 62.

Article 3542 is the choice of law provision for general tort obligations, and the following Articles, 3543–3546, cover more specific circumstances and should be utilized when they are applicable.  La. Civ. Code art. 3542, cmt. (b).  Article 3543 governs issues involving standards of conduct and safety, including the "rules of the road" that are designed as part of Louisiana's policy of deterring tortious conduct.  La. Civ. Code art. 3543, cmt. (a).  Article 3543 therefore applies to determine tort liability for an automobile accident.  *See Salavarria v. Nat'l Car Rental Sys.*, 97-2090, 705 So.2d 809, 811 (La. App. 4 Cir. 1998) (distinguishing between Article 3543, which applied to the tortious conduct that resulted in plaintiff's injury, and Article 3544, which applied to defendant's derivative liability).

Under Article 3543, standards of conduct and safety resulting in tortious injuries are "governed by the law of the state in which the conduct that caused the injury occurred, if the injury occurred in that state."  La. Civ. Code art. 3543.  And the law of that state applies "regardless of the domicile of the parties or any other factors."  *Id.*, cmt. (d).  Because it is undisputed that the accident and injury occurred in Louisiana, Louisiana's laws will apply to the issue of liability.

## B. Plaintiffs Failed to Show an Absence of a Material Fact at Issue

The Tennessee Auto Policy at issue provides UM coverage when the hit-and-run vehicle "makes actual physical contact" with the covered automobile.[13]  Under Louisiana law, "the requirement that there be physical contact between the unidentified hit and run driver and the insured vehicle in an uninsured motorist insurance policy is valid and enforceable and is not contrary to public policy."  *Harrison v. Commercial Union Ins. Co.*, 471 So.2d 922, 924 (La. App. 2 Cir. 1985); *Oliver v. Jones*, 370 So. 2d 638, 640 (La. Ct. App.), *aff'd*, 376 So. 2d 1256 (La. 1979) ("[T]he physical contact

---

[13]    R. Doc. 17-3 at 20.  The Progressive auto policy also includes requirements for UM coverage of a hit-and-run accident that mirror Tennessee's Uninsured Motorist Statute, Tenn. Code Ann. §§ 56–7–1201, *et seq.*, including that the person claiming benefits must report the accident to the police within a reasonable time and prove that they were not negligent in failing to determine the identity of the unknown motorist.  *Id.*  But under Louisiana law, when a UM policy conflicts with Louisiana's UM statute, the conflicting clauses must be read out of the policy.  *Nall v. State Farm Mut. Auto. Ins. Co.*, 406 So.2d 216, 219 n.5 (La. 1981) ("Louisiana's uninsured motorist statute embodies public policy, thus any conflicting clause in a policy of insurance is invalid.").  There is an exception to this rule when policy provisions are to the advantage of the insured, such as the physical contact requirement.  *Collins v. New Orleans Pub. Serv., Inc.*, 234 So. 2d 270, 273 (La. Ct. App.), *writ refused*, 256 La. 375, 236 So. 2d 503 (1970), (holding that the physical contact requirement advantaged the insured because it lowered the burden of proof on the plaintiff, so it was not prohibited by Louisiana's UM statute).  Because Louisiana tort law does not allow for these two extra provisions that add requirements to make a UM claim and do not benefit of the insured, they are not considered to determine liability.

provision relative to the unidentified hit-and-run driver is valid and enforceable.").  Defendant disputes that plaintiffs' proof of physical contact is sufficient to merit summary judgment.

The Court holds that the evidence is insufficient to determine liability. Plaintiffs relies on the police report following the incident, photos and videos of the accident's aftermath, and the testimony of the vehicle's occupants.[14]  Ultimately, the evidence is unsuccessful in persuading the Court that no issue of material fact exists as to whether there was physical contact between an unknown truck and Gray's Porsche.

The police report cannot carry the day.  Under Rule 56 of the Federal Rules of Civil Procedure, a moving party must support its position with evidence that can be presented in a form that would be admissible at trial. Fed. R. Civ. P. 56(c)(2).  Once the admissibility is challenged, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."  *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (quoting Fed. R. Civ. P. 56 advisory committee's note).  Although the police report is hearsay, the police report, as well as any "factual findings" from an investigation, satisfies the public records exception to the hearsay rule

---

[14]   *See* R. Doc. 23-2, R. Doc. 46 at 5.

under Federal Rule of Evidence 803(8).   This includes first-hand observations of a police officer.  *See Robert v. Maurice*, No. CV 18-11632, 2020 WL 4043097, at *5 (E.D. La. 2020) ("Courts have recognized that first-hand observations of a police officer, which are based on the officer's investigation and experience, are also admissible.").   But an officer's opinions and conclusions are barred by Federal Rule of Evidence 701.  *See Duhon v. Marceaux*, 33 F. App'x 703, 703 (5th Cir. 2002) (A "police officers' lay opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene are excluded under Rule 701." (internal quotation marks omitted)).   Additionally, the plaintiffs' statements to the officer are hearsay within hearsay, without an exception. *See* Federal Rule of Evidence 805; *Williams v. Gaitsch*, No. 5:08-CV-0772, 2011 WL 13286179, at *2 (W.D. La. May 26, 2011) ("[W]itness statements contained within police reports [are] inadmissible.").   Here, most of the police report cannot be considered since the officer did not observe the accident, and the portion that is admissible is insufficient to grant summary judgment.   The officer "observed minor/moderate damage to [the Porsche's] passenger side rear bumper" and noted that the other vehicle was not present at the scene.[15]  These observations are minimally probative

---

[15]    R. Doc. 18-3 at 7.

that a hit-and-run occurred, since they simply show that Gray's car was damaged and that another vehicle was not there when the officer viewed the scene.

The photos and videos of the accident's aftermath showing that the vehicle sustained damage suffer from the same problem. They simply show damage on the Porsche's right rear bumper.[16]

Finally, plaintiffs rely on the deposition testimony of the three interested parties, the two plaintiffs, Robertson and Young, and the insured driver of the damaged vehicle, Gray. Plaintiffs present no testimony from an independent witness. Gray himself was a plaintiff in this case until the plaintiffs moved to dismiss him,[17] Gray's law firm is handling this case, and Gray's Case Management/Electronic Case Filing account was used to e-file motions in this case after he was dismissed.[18] This deposition evidence, alone or with the other evidence plaintiffs relied on, is insufficient to grant summary judgment. This follows because this evidence requires the Court to make credibility determinations, which is impermissible on summary judgment. And the witness testimony has important inconsistencies and contradictions.

---

[16]   R. Doc. 39-2.
[17]   *See* R. Doc. 1-1; R. Doc. 15.
[18]   R. Docs. 23–26.

One contradiction is on how Young joined Robertson and Gray and why they were traveling together.  Gray testified that Young ended up joining them because he was either already at Robertson's house, or he was walking up the street as Gray and Robertson were leaving, and Young just "jumped in with" them to go check out the property.[19]  Robertson testified that it was Gray's decision to pick up Young[20] and that Gray drove to Claiborne Avenue to pick him up after Gray and Robertson left Robertson's house.[21]  Young testified that the meeting with Gray was not happenstance, but prearranged.  He asserted that Gray called him and asked him to come survey the lot with him, but Young oddly could not remember how or where he got into Gray's car.[22]  Additionally, the testimony was inconsistent on how the parties decided to view the lot.  Robertson said that he suggested it. He testified Gray was interested in a particular lot and Robertson said, "Let's take a look."[23]  Gray said he suggested to Robertson, "Let's go look at a property."[24]  Further, the testimony on why Young was in the car was exceedingly vague.  Gray did not specifically say.[25]  Young testified that he

---

[19]   R. Doc. 39-4 at 4–5.
[20]   R. Doc. 39-5 at 9.
[21]   *Id*. at 8–9.
[22]   R. Doc. 39-6 at 4.
[23]   R. Doc. 39-5 at 6.
[24]   R. Doc. 39-4 at 5.
[25]   R. Doc. 39-4 at 5.

assumed he was there to help "clean off the lot," but he was not completely sure what Gray needed him to do.[26]   Robertson, whom Young considered "family,"[27] did not know why Gray picked up Young.[28]

Further, the parties disagreed on the color of the vehicle that struck the Porsche.  Gray recalled a white and orange truck hitting the Porsche,[29] Robertson recalled seeing a white truck with the U-Haul logo on the side,[30] and Young only recalled seeing a white truck.[31]   Additionally, Gray remembered discussing the accident with neighbors immediately after the incident,[32] but Young did not recall anyone from the neighborhood discussing the accident with them.[33]

Given the lack of independent witnesses to the incident, the contradictions in the parties' testimony on how they were together for the incident, the inconsistencies in the testimony pertaining to the accident and its aftermath, and the limited probative value of the photographs, videos, and police report, the Court finds that plaintiffs' evidence raises material

---

[26]   R. Doc. 39-6 at 5.
[27]   *Id.* at 6.
[28]   R. Doc. 39-5 at 8.
[29]   R. Doc. 39-4 at 11
[30]   R. Doc. 39-5 at 12–13.
[31]   R. Doc. 39-6 at 11–12.
[32]   R. Doc. 39-4 at 13–14.
[33]   R. Doc. 39-6 at 13.

issues of fact, credibility questions, and is so sheer that it may not persuade the reasonable fact-finder to return a verdict in their favor.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion for partial summary judgment on the issue of liability.

New Orleans, Louisiana, this __5th__ day of September, 2024.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

13