UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARYL GRAY, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-1430 |
| PROGRESSIVE DIRECT INSURANCE COMPANY | SECTION "R" (4) |

### ORDER AND REASONS

Plaintiffs Chaz Young and William Robertson move to strike certain witnesses and exhibits and request for sanctions.[1] Defendant Progressive Direct Insurance Company ("Progressive") opposes the motion.[2] For the following reasons, the Court grants the motion in part and denies it in part.

### I. BACKGROUND

Plaintiffs Chaz Young and William Robertson allege they were rear-ended by a box truck in a hit-and-run accident in March 2021, resulting in injuries.[3] The driver of the car, Daryl Gray, had an automobile insurance policy with Progressive Direct Insurance Company ("Progressive") that

---

[1]     R. Doc. 24.
[2]     R. Doc. 37.
[3]     R. Doc. 1-1 ¶¶ 3–5.

2

included uninsured motorist (UM) coverage.[4] Plaintiffs attempted to recover under Gray's UM coverage, but Progressive refused to tender the requested benefits.[5] In December 2022, plaintiffs filed a petition in state court against Progressive invoking the UM coverage in Gray's insurance policy.[6] Progressive removed the case to federal court.[7] In its answer, Progressive denied the accident occurred for lack of sufficient information to justify a belief.[8]

Plaintiffs now move to strike certain evidence of Gray's accident history. Progressive seeks to introduce the evidence as part of its effort to demonstrate that plaintiffs cannot prove that a motor vehicle accident occurred. Specifically, Progressive avers that Gray's recent accident history impacts his credibility.[9] Progressive seeks to introduce evidence about four accidents that involve Gray, his UM insurance coverage, and his law firm.

The first accident is a February 27, 2020, hit-and-run in Memphis, Tennessee.[10] Plaintiffs point out that this accident involved Darryl Gray, which is spelled differently from the spelling of the insured, Daryl Gray's,

---

4   *Id.* ¶ 6.
5   *Id.* ¶ 9–12.
6   R. Doc. 1-1.
7   R. Doc. 1.
8   R. Doc. 6 ¶ 3.
9   R. Doc. 37 at 2.
10  R. Doc. 37-1 at 23.

name. They also note that, according to Progressive's claim search report, Darryl Gray was born in 2013, making him eleven years old.[11] Plaintiffs claim that neither they, nor Daryl Gray, was involved in this accident.[12]

The second accident is a September 14, 2020, hit-and-run in New Orleans in which Yeldy Sanchez de Clark was a passenger, and Gray was driving his insured car.[13] Liberty Mutual, the insurer of the car, did not tender the requested UM benefits, and Clark is suing under Gray's UM policy.[14] Gray did not file suit because he did not sustain injuries.[15] Clark was at one point represented by counsel connected to Gray's law firm,[16] but she is now represented by an independent attorney.[17] As here, Liberty Mutual has denied the accident occurred for lack of sufficient information to justify a belief.[18]

---

[11]  *Id.*
[12]  R. Doc. 50 at 5.
[13]  *Id.*; R. Doc. 37 at 5.
[14]  R. Doc. 50 at 5.
[15]  *Id.*
[16]  R. Doc. 37-1 at 6; *Yeldy Clark v. Liberty Mutual Ins. Co.*, Case No. 2:23-cv-02005 at R. Doc. 16.
[17]  *Yeldy Clark v. Liberty Mutual Ins. Co.*, Case No. 2:23-cv-02005 at R. Docs. 79, 85; R. Doc. 50 at 5.
[18]  *See Yeldy Clark v. Liberty Mutual Ins. Co.*, Case No. 2:23-cv-02005 at R. Doc. 10 ¶ 5.

The third accident is an April 10, 2021, six-car pileup in Miami, Florida, involving a rental car.[19] Gray filed a UM claim because the tortfeasor's policy limits were allegedly exhausted by other claimants.[20] This claim is still pending.[21] Gray's law firm represented him at one point, but Gray alleges the case has been referred out.[22]

The fourth accident is an October 8, 2021, rear-end incident in New Orleans that allegedly caused Gray injuries.[23] The defendant in this suit claimed he was insured, but was not.[24] Gray filed a UM claim with his insurer, Allstate.[25] Gray also filed suit against this defendant, with his law firm representing him.[26]

Plaintiffs seek to exclude this evidence because Gray is not a plaintiff, and the evidence is irrelevant to plaintiffs' claims.[27] The Court considers the motion below.

## II.   LEGAL STANDARD

---

[19]   R. Doc. 50 at 6–7.
[20]   *Id.*
[21]   R. Doc. 37-1 at 8.
[22]   *Id.*
[23]   R. Doc. 50 at 7.
[24]   R. Doc. 50-3.
[25]   R. Doc. 50 at 7.
[26]   R. Doc. 37-1 at 20.
[27]   R. Doc. 24-1 at 1.

Although this is a diversity of citizenship case in which Louisiana law provides the substantive law, "the Federal Rules of Evidence govern the admissibility of evidence in the federal courts." *Johnson v. William C. Ellis & Sons Iron Works, Inc.*, 609 F.2d 820, 821 (5th Cir.1980). To determine if extrinsic evidence is admissible, the Court uses a two-step approach outlined in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *Id.*

To satisfy the first step, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. All relevant evidence is admissible, unless otherwise proscribed by law. Fed. R. Evid. 402. Evidence that is not relevant is not admissible. *Id.* "Where the evidence sought to be introduced is an extrinsic offense, its relevance is a function of its similarity to the offense charged." *Beechum*, 582 F.2d at 911; *see also Avondale Indus., Inc. v. Bd. of Com'rs of Port of New Orleans,* No. 94-2786, 1996 WL 280787, at *3 (E.D. La. May 24, 1996) (A party to a tort suit who wishes to present evidence on an opposing party's

5

previous accidents "must establish relevance by showing that the incidents involved 'substantially similar' circumstances") (quoting *Rodriguez v. Crown Equip. Corp.*, 923 F.2d 416, 418 (5th Cir. 1991)). The instances must share more than just a common characteristic; the common characteristic must be a "significant one for the purpose of the inquiry at hand." *Beechum*, 582 F.2d at 911 (quoting Stone, The Rule of Exclusion of Similar Fact Evidence: England, 46 Harv. L. Rev. 954, 955 (1933)). When the circumstances are sufficiently similar, "[j]uries are to be allowed to make the logical inference that successive, similar occurrences were not the product of chance or abnormality but of intentional design." *United States v. Kirk*, 528 F.2d 1057, 1060 n.2 (5th Cir. 1976).

Once the evidence is demonstrated to be relevant, the second step requires the probative value of the evidence to substantially outweigh the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note. Before excluding evidence based on unfair prejudice, the Court should consider the probable effectiveness of a limiting instruction. *Id.* Extrinsic evidence that

highlights "fortuitous events" that occur more than once "may create prejudice but [that evidence] is believed to be worth more than it costs." *Mintz v. Premier Cab Ass'n*, 127 F.2d 744, 744–45 (D.C. Cir. 1942).

## III. DISCUSSION

### A. Relevance and Admissibility of Gray's Accident History

To find an accident relevant under the first prong of *Beechum*, the previous accident must be sufficiently similar. Generally, previous accidents that are described "in no greater detail than 'automobile or home related accidents'" are excluded because there is insufficient evidence to demonstrate the accidents are similar. *Bunion v. Allstate Ins. Co.*, 502 F. Supp. 340, 342 (E.D. Pa. 1980). Additionally, accidents that relate to different areas, such evidence of earlier claims of car accidents in a slip and fall case, are not relevant. *See McDuffie v. Hillstone Rest. Grp., Inc.*, No. CV 16-6733, 2017 WL 11540064, at *3 (E.D. La. July 7, 2017). On the other hand, "[s]ubsequent, almost identical, accidents in which [defendant] knowingly filed false claims" are clearly relevant to a case claiming defendant filed false claims, and they are not unduly prejudicial. *United States v. Osum*, 943 F.2d 1394, 1404 (5th Cir. 1991).

Because Progressive seeks to introduce these prior accidents to challenge Gray's credibility, defendant must be able to prove the disputed nature of these earlier instances. *See* 1 McCormick On Evid. § 196 (8th ed.) (When a party has made previous claims of similar losses, the judge should admit the prior extrinsic evidence "only if there is a basis for concluding that the other claims were fabricated."). Otherwise, admitting evidence related to these incidents would do nothing more than prove that Gray is litigious or just unlucky. The standard the Court applies to determine whether the proponent has shown the predicate extrinsic act is stated in Rule 104(b): "The preliminary fact can be decided by the judge against the proponent only where the jury could not reasonably find the preliminary fact to exist." *Beechum*, 582 F.2d at 913 (quoting 21Wright & Graham, Federal Practice and Procedure: Evidence § 5054, at 269 (1977)).

In *Dial v. Travelers Indemnity Company*, 780 F.2d 520, 523 (5th Cir.1986), the Fifth Circuit affirmed the district court's decision to admit evidence that plaintiff had intentionally set subsequent fires on insured properties in a suit to recover under his fire policy. There, before the district court admitted the evidence, it first determined whether the insurance company could present evidence that plaintiff committed the extrinsic act. The insurance company represented to the district court that it would

8

present testimony from the deputy state fire marshal who investigated the fires and other witnesses to show that plaintiff had committed the acts. *Id.* at 523. The Fifth Circuit found that the insurance company's evidence "easily satisfied the standard" established in Rule 104(b).

In *Pouncey v. Gov't Emps. Ins. Co.*, No. 99-3033, 2001 WL 1658177, at *7 (E.D. La. Dec. 21, 2001), the court determined that the Rule 104(b) standard was satisfied in two instances of note. The first occurred when an insurance agency denied coverage on an earlier claim because of dubious circumstances, including that the physical evidence did not corroborate plaintiff's statement of the events, and plaintiff failed to disclose the existence of a lien on the car. *Id.* In the second instance, an insurance company stopped payments for a claim because of suspicious conditions suggesting that plaintiff misrepresented his medical history. *Id.*

Here, the Court holds that the September 14, 2020, hit-and-run accident is sufficiently similar, and there is evidence of its disputed occurrence, while the other three accidents are not sufficiently similar or disputed. The February 27, 2020, accident did not involve Daryl Gray, the UM insured, in this case, and the Court finds any evidence related to this accident inadmissible. The April 10, 2021, Miami pileup is not sufficiently similar to this case. Although the case did involve UM claims and initially

9

involved Gray's law firm, Gray was the fifth of six cars to be impacted in this incident, and there is no evidence that the accident is disputed. The Court finds evidence of this accident inadmissible. The October 8, 2021, rear-end accident is also not sufficiently similar to this case. While both incidents involved a rear-end collision, the October case was not a hit-and-run, and Gray is pursuing a claim against the driver in state court for damages. This evidence is inadmissible.

The September 14, 2020, hit-and-run in which Yeldy Sanchez de Clark was a party, on the other hand, is sufficiently similar to the case at issue. Both involved an unknown hit-and-run driver; Gray drove and owned both cars involved in the accident; neither incident had independent witnesses; the passengers sustained injuries and filed UM claims under Gray's insurance; the insurance providers failed to tender payment and denied the accident for lack of information to justify a belief; and Gray's law firm was involved in both cases at some point. Additionally, Progressive has proffered sufficient evidence to show the accident was disputed under Rule 104(b). As in *Pouncey*, where the insurer raised the issue of the "dubious circumstances" surrounding the accident, Liberty Mutual, the insurer in the 2020 accident, pointed out that it was not notified of the accident until six

months after it occurred,[28] that neither Gray nor Clark contacted the police,[29] that they took no photographs of the scene or property damage following the accident,[30] and that there were no independent witnesses to the incident.[31] The Court therefore finds the evidence of the September 14, 2020, accident relevant.

Finally, the Court must determine whether the relevant evidence's probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence. Unfair prejudice involves the risk that the factfinder will reach a result on an improper basis, such as an emotional one. Because Gray is not a plaintiff, and no judgment can be reached against him, the risk of unfair prejudice is decreased. *See Walker v. Kane*, 885 F.3d 535, 541 (8th Cir. 2018) ("[T]he risk of unfair prejudice there was lower, because the witness, unlike [defendant], was not a party in the case."); *Ullman-Briggs, Inc. v. Salton/Maxim Housewares, Inc.*, No. 92 C 2394, 1996 WL 535083, at *16 (N.D. Ill. Sept. 17, 1996) ("[A principal of the

---

[28]   *Yeldy Clark v. Liberty Mutual Ins. Co.*, Case No. 2:23-cv-02005 at R. Doc. 34-1 at 4.
[29]   *Id.*
[30]   *Yeldy Clark v. Liberty Mutual Ins. Co.*, Case No. 2:23-cv-02005 at R. Doc. 34-13 at 1–3.
[31]   *Id.* at 3–4.

11

plaintiff] is not a party to this action. Though the evidence sought to be introduced might be prejudicial to him, he is not subject to any judgment that might issue in this case."). Additionally, the Court finds that a limiting instruction as to the purpose and scope of the evidence will suffice to prevent any undue influence, confusion, or misleading of the jury. *See Gates v. Shell Oil*, 812 F.2d 1509, 1513 (5th Cir. 1987) (A district court may admit generally excluded evidence "if there is little risk of prejudice and the court gives a limiting instruction to the jury."). For the foregoing reasons, the Court holds the evidence of the September 14, 2020, hit-and-run collision admissible.

### B. Motion for Sanctions

Plaintiffs assert that defendant should be sanctioned under Federal Rule of Civil Procedure 11, because defendant is attempting to introduce evidence from unrelated cases for the purposes of harassment and increasing litigation costs.[32] Rule 11(b) provides that when an attorney submits a pleading, motion or other paper to the court, he certifies to the best of his knowledge that (1) the filing is not presented for an improper purpose, such as to harass, cause unnecessary delay, or increase costs of litigation; (2) the filing is warranted by existing law or by a nonfrivolous argument for

---

[32] R. Doc. 24-1 at 5.

12

modifying or reversing existing law; and (3) the factual contentions have evidentiary support, or if so identified, will likely have evidentiary support after a reasonable opportunity for further investigation. Fed. R. Civ. P. 11(b).

If a party believes that an opposing party has violated Rule 11(b), it may move for sanctions under Rule 11(c). Rule 11(c) sets forth strict procedural requirements for how the party must proceed with its motion. Rule 11(c)(2) provides that:

> [a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2). The requirements in Rule 11(c)(2) must be strictly enforced. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (holding that the district court's imposition of sanctions under Rule 11 was an abuse of discretion because the party seeking sanctions did not serve its motion for sanctions against the opposing party at least 21 days prior to filing); *Richardson v. U.S. Bank Nat'l Ass'n*, No. 09-7383, 2010 WL 4553673, at *1 (E.D. La. Oct. 29, 2010) (denying defendant's motion for sanctions for failure to comply with the requirements in Rule 11(c)).

Here, there is no indication in the record that plaintiffs complied with the requirements of Rule 11(c)(2). First, plaintiffs filed their motion for sanctions as part of their motion to strike, in violation of the requirement that motions for sanctions be filed "separately from any other motion." Fed. R. Civ. P. 11(c)(2). Second, plaintiffs noted that this motion is a "reservation of their right to pursue sanctions,"[33] but there is no indication plaintiffs' counsel notified defendant's counsel that plaintiffs planned to move for sanctions outside of this motion. If this motion was the notice, plaintiffs did not execute service properly, as the motion for sanctions must not be filed until twenty-one days after service on the defendant. Fed. R. Civ. P. 11(c)(2); *Elliott*, 64 F.3d at 216. Because plaintiffs have failed to comply with the procedural requirements in Rule 11(c), the Court must deny their motion for sanctions.

Additionally, defendant did not seek to use the disputed evidence to harass or to needlessly increase the cost of litigation. Gray is an important witness in this case as he is one of only three witnesses to the accident. He is also the insurance policyholder, a former plaintiff, and a partner at the law firm handling the matter. His credibility is crucial. Furthermore, that one of his prior accidents is admissible demonstrates that defendant was not

---

33   R. Doc. 24-1 at 5 n.7.

acting improperly. Given the procedural and the substantive issues with this Rule 11 motion for sanctions, the Court denies the request for sanctions.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES IN PART and GRANTS IN PART plaintiffs' motion to strike certain witnesses and exhibits. The Court DENIES plaintiffs' motion to strike as to the September 14, 2020, accident. The Court GRANTS plaintiffs' motion to strike as to the February 27, 2020, the April 10, 2021, and the October 8, 2021, accidents. Further, the Court DENIES plaintiffs' motion for sanctions.

New Orleans, Louisiana, this __10th__ day of September, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE